```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| METRO RENOVATION, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3083 |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED GROUP, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff has filed a motion for leave to file an amended complaint, filing 16. The plaintiff's complaint seeks recovery for breach of an insurance contract, for acts of bad faith committed by defendant Allied Group, Inc., and for breach if its fiduciary relationship with the plaintiff. The defendant's answer denies that Allied Group, Inc. is an insurance corporation and alleges that Nationwide Mutual Insurance Company (hereinafter "Nationwide") provided the business auto policy which provides the basis of the plaintiff's lawsuit.

The plaintiff moved to amend its complaint to name Nationwide as an additional defendant. The plaintiff alleges that Allied and Nationwide have breached their insurance contract with the plaintiff by denying coverage, have wrongfully violated the implied covenant of good faith and fair dealing and have breached their fiduciary duties owed to the plaintiff.

Defendant Allied opposes the motion to amend the complaint on two grounds:  1) the plaintiff continues to allege that the "defendants," which includes Allied, issued the policy in question, and 2) there are no specifically alleged facts tying the defendant Allied Group, Inc. to the plaintiff's underlying

claims. See filing 21 (Allied brief). In opposing the plaintiff's motion to amend its complaint, the defendant does not claim that the plaintiff has failed to allege the elements of a breach of contract, bad faith, or breach of fiduciary duty claim; rather, it argues Allied cannot be liable to the plaintiff and should not be a named defendant. I cannot make that determination based solely on the pleadings.

I have reviewed the policy attached to plaintiff's initial complaint. Although "Nationwide Mutual Insurance Company" is listed on the top of several pages, and it is probable Nationwide issued the policy, I find nothing in the policy language specifically identifying Nationwide as the insurer. The policy states that "Nationwide Mutual Insurance Company has caused this policy to be signed by its President and Secretary and countersigned by a duly authorized representative of the Company." Filing 1, ex A (insurance policy) at p. 12. The "authorized representative" who signed the "business auto declarations" page was Robert Nielsen, CPCU. Whether Mr. Nielsen is employed by Nationwide, Allied, or the N.P. Dodge Insurance Agency which presumably sold the policy is unknown.

It appears the plaintiff received the policy with schedules of coverage from "Allied Insurance" as "a member of Nationwide Insurance." In the transmittal or cover letter accompanying the policy, Allied represents:

> Your Business Auto policy was carefully prepared to be as accurate as possible. . . .
>
> . . .
>
> **Special Forms**. These forms, when included, must be read and approved by you. Please verify your

>  understanding and approval by providing your signature
>  and returning the form to us. . . .
>
>  . . .
>
>  Remember, whenever you have a question or need a change
>  on your policy, contact your Allied agent.

Filing 1, ex A (insurance policy) at p. 4.  From this language, it appears Allied has its own agents, carefully prepared the plaintiff's policy, awaited confirmation and approval by the plaintiff, and had the ability to answer policy questions or make policy changes.

The defendant's challenge to the plaintiff's amended complaint is, in essence, a request for judgment in favor of Allied on the pleadings.  However, based on the record before me, I cannot conclude with certainty that no contractual relationship existed between Allied and the plaintiff.  I also cannot conclude that the plaintiff's claims of bad faith and breach of fiduciary duty can be pursued against only the company that issued the insurance policy.  I shall therefore grant the plaintiff's motion to amend.

IT THEREFORE HEREBY IS ORDERED:  The plaintiff's motion for leave to file an amended complaint, filing 16, is granted.  The plaintiff's amended complaint shall be filed on or before July 11, 2005.

DATED this 5th day of July, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

3